**RAINES FELDMAN LITTRELL LLP**
Robert M. Shore (State Bar No. 166018)
  *rshore@raineslaw.com*
1900 Avenue of the Stars, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 440-4100
Facsimile:  (310) 691-1943

Attorneys for Defendants MICHAEL
RENDER and COURTNEY SILLS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIA HOLLIS, individually, aka MEE-CHEE THE MENTOR dba CRIPS,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL RENDER, an individual, *et al.*,<br><br>Defendants. | Case No.:  2:24-cv-02292-MWF-BFM<br><br>Date:       June 9, 2025<br>Time:       10:00 a.m.<br>Ctrm.:      5A<br>Judge:      Hon. Michael W. Fitzgerald<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL RENDER AND COURTNEY SILLS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint filed:    March 20, 2024<br>Trial date:         Not set |

MOTION TO DISMISS FIRST AMENDED COMPLAINT

## NOTICE OF MOTION AND MOTION

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 9, 2025, at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 5A of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California, Defendants Michael Render and Courtney Sills will and hereby do move the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order to dismiss the Complaint for lack of statutory standing.

Good cause exists to grant this Motion. First, on its face, the License (Exhibit Q to the First Amended Complaint) states that it was not signed until January 8, 2025. *First Amended Complaint* (doc. 43), Exh. Q, at 72. Therefore, when Plaintiff filed her Complaint on March 20, 2024, she *did not have standing* because on that day (and for many months thereafter) she enjoyed no rights whatsoever in the marks she is asserting. The License is an effort to retroactively cure that patent flaw, but such an effort cannot succeed. The law is clear that a trademark plaintiff must have standing throughout the case. When (as here) that is not the case, the action cannot be salvaged by a retroactive attempt to confer standing and should be dismissed.

Second, Plaintiff's claims are untimely. She demonstrated actual knowledge of her alleged claims no later than September 9, 2019, when she sent a cease-and-desist letter to Defendants' counsel. *First Amended Complaint* ¶ 46. The statute of limitations under the Lanham Act is three years, and the statute of limitations for Plaintiff's state-law unfair competition claim is four years, yet she did not file this action until March 20, 2024. For this separate and independent reason, her claims should be dismissed without leave to amend.

2

MOTION TO DISMISS FIRST AMENDED COMPLAINT

Finally, Plaintiff's Sixth Cause of Action, a claim for "unjust enrichment," does not exist under California law.  It cannot be reframed as a claim in quasi-contract because there was no relationship between Plaintiff and Defendants, and in any event such a claim also would be untimely.  This is yet another basis for dismissing this claim.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all papers previously filed in this matter, all matters of which the Court may take judicial notice, and such other and further matters as the Court may consider at the hearing on this matter.

Dated:  May 9, 2025                          RAINES FELDMAN LITTRELL LLP

By:_____
                          Robert M. Shore
                          Attorney for Defendants Michael
                          Render and Courtney Sills

MOTION TO DISMISS FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Tia Hollis filed her Complaint in this action on March 20, 2024. Her Complaint was nothing more than an attempt to enforce rights in registered trademarks, but when she filed her Complaint, she owned no rights whatsoever in those marks. *First Amended Complaint* (doc. no. 43), Exh. Q at 72 (signature lines dated January 8, 2025). Thus, when Plaintiff filed her Complaint, she lacked standing. The law requires a plaintiff to enjoy standing throughout the pendency of her case, so Plaintiff's attempt to acquire standing retroactively is contrary to law. This analysis is fatal to her claim, so the Court should dismiss the First Amended Complaint without leave to amend.

Moreover, Plaintiff's claims are untimely. She had actual notice of Defendants' use of the CRIP-A-COLA mark no later than September 9, 2019, when she sent Defendants (through counsel) a cease-and-desist letter. *First Amended Complaint* (doc. 43) ¶ 46. She did not file this action until more than four years and six months after that date. The statute of limitations for a Lanham Act claim asserted in California is three years. Under California law, the statute of limitations for an unfair competition claim is four years. Plaintiff's claims are therefore time-barred and should be dismissed.

Finally, Plaintiff asserts a cause of action for unjust enrichment. California law does not recognize such a claim. Unjust enrichment is not a claim for relief — it is a potential remedy for another claim. Plaintiff's Sixth Cause of Action for unjust enrichment therefore fails to state a claim for relief and should be dismissed.

MOTION TO DISMISS FIRST AMENDED COMPLAINT

## II.    FACTS

### A.    Plaintiff's Claims All Depend on Registered Trademarks.

Plaintiff's claims all depend on her alleged rights over the CRIPS marks. Her First Claim for Relief (denominated a "Cause of Action") asserts a claim for infringement of the registered marks. *Id.* ¶¶ 50-54. Her Second Claim for Relief asserts a claim for dilution of the registered marks. *Id.* ¶¶ 59-60. Her Third Claim for Relief alleges that use of the registered marks constitutes false designation of origin. *Id.* ¶ 69. Plaintiff's Fourth Claim for Relief complains that Defendants' alleged unauthorized use of the registered marks constitutes common law unfair competition under the Lanham Act. *Id.* ¶ 78. Plaintiff's Fifth Claim for Relief contends that Defendants are committing unfair competition under state law "by willfully misappropriating Plaintiff's federally registered trademarks," which allegedly constitutes the distribution of counterfeit goods and intentionally misleads consumers and potential business partners about the origin and ownership of the brand. *Id.* ¶ 85. Plaintiff's Sixth Claim for Relief claims that Defendants' alleged acts of trademark infringement and dilution have resulted in their unjust enrichment. *Id.* ¶ 93.

### B.    Plaintiff Had No Rights in the Marks When She Filed This Action.

Plaintiff filed her Complaint on March 20, 2024. In her initial Complaint, she alleged that she "exclusively owns" the registered CRIPS trademarks. *Complaint* (doc. 1) ¶¶ 15-16. That allegation was false. In fact, when Plaintiff filed her Complaint, she had no rights at all over the marks. Plaintiff now alleges that she is the exclusive licensee of the CRIPS trademarks. *First Amended Complaint* (doc. 43) ¶¶ 14-16 & Exh. Q at 71. However, the document under which she claims her licensee status was not signed until January 8, 2025. *Id.* Exh. Q, at 72.

5

MOTION TO DISMISS FIRST AMENDED COMPLAINT

**C.      Plaintiff Knew of Her Claims More than Four Years Before Filing Suit.**

Plaintiff issued a cease-and-desist letter to Defendants' counsel, complaining of the conduct that is the basis of her pleading, on September 9, 2019. *First Amended Complaint* (doc. 43) ¶ 46 & Exh. L, at 52. She filed her lawsuit on March 20, 2024. *Complaint* (doc. 1) at 1. Thus, even excluding the 178-day period from April 6, 2020, until October 1, 2020 (the subject of Emergency Rule 9(a) of the California Rules of Court, tolling statutes of limitation during the COVID emergency), Plaintiff sent her cease-and-desist letter more than four years before filing her lawsuit.

## III.     ARGUMENT

**A.      Plaintiff Cannot Cure Her Lack of Standing Retroactively.**

An essential element of a claim for trademark infringement is "a protectable ownership interest in the mark." *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt.*, 744 F.3d 595, 599 (9th Cir. 2014) (quotation marks omitted) (quoting *Department of Parks & Recreation v. Bazaar del Mundo, Inc.*, 448 F.3d 1118 (9th Cir. 2006)). Similarly, standing to sue for trademark dilution is limited to "the owner" of the mark. 15 U.S.C. § 1125(c)(1); *see also* CAL. BUS. & PROF. CODE § 14247 (limiting standing to "an owner") (erroneously cited in Plaintiff's pleading as section 14330).

Standing must exist from the outset of the case, and must continue throughout its conclusion. "A subsequent assignment . . . even if purported to be retroactive, cannot cure a defect in standing." *Murdock v. Marolina Outdoor, Inc.*, Case No. 2:23-CV-10231-DSF-PVCx, 2024 WL 2209771, at *4 (C.D. Cal. Apr. 22, 2024) (quotation marks omitted). "Ownership must be present at the time of filing and cannot be cured by a retroactive assignment." *Cohen v. Suleminian*, Case No. 2:21-CV-08597-SSS-ASx, 2023 WL 6851716,

6

MOTION TO DISMISS FIRST AMENDED COMPLAINT

at *3 (C.D. Cal. July 3, 2023).  Here, the License Agreement was not signed until January 8, 2025, nearly 10 months after the Complaint was filed.  When Plaintiff filed her Complaint (alleging ownership of the marks), in fact she had no rights at all to the marks.  The defect cannot be cured retroactively, so Plaintiff's claims all should be dismissed for lack of standing.

### B.    Plaintiff's Claims Are Untimely.

The statute of limitations for claims under the Lanham Act is three years. *Karl Storz Endoscopy Am., Inc. v. Surgical Techs., Inc.*, 285 F.3d 848, 857 (9th Cir. 2002).  The statute of limitations for a state-law unfair competition claim is four years.  CAL. BUS. & PROF. CODE § 17208.  Here, Plaintiff demonstrated actual knowledge of her alleged claims no later than September 9, 2019, when she sent a cease-and-desist letter to Defendants' counsel.  *First Amended Complaint* (doc. 43) ¶ 46.  She waited more than four and a half years, until March 20, 2024, to file her initial Complaint.  Her claims are therefore untimely and for this separate and independent reason, should be dismissed with prejudice.

### C.    California Does Not Recognize a Claim for Unjust Enrichment.

Plaintiff's Sixth Claim for Relief asserts a claim for unjust enrichment. "[T]here is no cause of action in California for unjust enrichment."  *Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003).  The Ninth Circuit agrees that "there is not a standalone cause of action for 'unjust enrichment.'"  *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).  Although the Ninth Circuit does countenance reframing such claims as claims in quasi-contract, under California law, a quasi-contract claim requires "a prior relationship between the parties."  *Smith v. Pacific Props. & Dev. Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004).  Here, Plaintiff has not

MOTION TO DISMISS FIRST AMENDED COMPLAINT

alleged any such relationship between her and Defendants. Moreover, such a claim would be subject to a three-year statute of limitations. CAL. CIV. PROC. CODE § 338(d); *Federal Deposit Ins. Corp. v. Dintino*, 167 Cal. App. 4th 333, 348 (2008). Each of these flaws is fatal to Plaintiff's unjust enrichment claim, so her Sixth Claim for Relief should be dismissed for these separate and independent reasons.

## IV.   CONCLUSION

For all of the foregoing reasons, Render and Sills respectfully request that the Court dismiss the First Amended Complaint against them with prejudice. Because the issues raised in this motion apply with equal force to all defendants, Render and Sills also urge the Court on its own motion to dismiss the First Amended Complaint in its entirety so that Judgment can be entered.

Dated: May 9, 2025                     RAINES FELDMAN LITTRELL LLP

By:_____
                                                Robert M. Shore
                                        Attorney for Defendants Michael
                                        Render and Courtney Sills

MOTION TO DISMISS FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

I am over the age of 18 and not a party to the within action; I am employed by Raines Feldman Littrell LLP and my business address is 1900 Avenue of the Stars, 19th Floor, Los Angeles, California 90067; amkawasi@raineslaw.com.

On May 9, 2025, I served the following document(s) described as **NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL RENDER AND COURTNEY SILLS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** on the following parties:

TIA HOLLIS                                   *Plaintiff, Pro Per*
5455 Wilshire Blvd., Suite 2100
Los Angeles, California 90036
Telephone:  (323) 407-8900

TIA HOLLIS
9777 Wilshire Boulevard, Suite 400
Beverly Hills, California 90212
Telephone:  (323) 825-9300

☒   **BY MAIL:**  I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of Raines Feldman Littrell LLP, and addressed as shown above, for deposit in the United States Postal Service.  I am readily familiar with the practice of Raines Feldman Littrell LLP for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service with postage fully paid on said date in the ordinary course of business.

☒   (Federal)      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 9, 2025, at Los Angeles, California.

_____
Addy Mkawasi

1

PROOF OF SERVICE