UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV 24-02292-MWF (BFMx)                              Date:  July 21, 2025
Title:  Tia Hollis v. Michael Render

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [45]; ENTRY OF JUDGMENT

Before the Court is a Motion to Dismiss (the "Motion") filed by Defendants Michael Render and Courtney Sills on May 9, 2025.  (Docket No. 45).  Plaintiff Tia Hollis filed an Opposition on May 12, 2025.  (Docket No. 46).  Defendants filed a Reply on May 23, 2025.  (Docket No. 48).

The Motion was noticed to be heard on **June 9**, **2025**.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

For reasons discussed below, the Motion is **GRANTED** *without leave to amend*.  Plaintiff's subsequent assignment of a trademark license is not sufficient to confer standing retroactively, Plaintiff's claims are barred by the applicable statutes of limitation, and Plaintiff fails to allege sufficient facts to support her claims.

## I.   BACKGROUND

The Court previously summarized the central facts of this action in its Order re: Motion to Dismiss (the "Prior Order").  (Docket No. 41).  The Court incorporates by reference the Background section of the Prior Order and limits its recitation of the facts to those necessary for context.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-02292-MWF (BFMx) | Date:  July 21, 2025 |
| Title:  Tia Hollis v. Michael Render | |

Plaintiff filed the First Amended Complaint ("FAC") on April 7, 2025.  (Docket No. 43).  In the FAC, Plaintiff no longer claims to be the exclusive owner of the "CRIPS" trademark.  (Complaint ¶¶ 15–16).  Instead, Plaintiff claims she is now the exclusive licensee of the below trademarks (the "Marks"):

1. United States Trademark Registration No. 5,877,377 for the standard character mark "CRIPS."  (FAC ¶ 15, Ex. A).

2. United States Trademark Registration No. 6,926,377 for the standard character mark "CRIPS."  (*Id.* ¶ 16, Ex. B).

In support, Plaintiff attaches the Exclusive Trademark License Agreement (the "License Agreement"), with an effective date of July 15, 2018, signed by a representative of Crips LLC (the owner of the Marks' registration), and Plaintiff.  (*Id.* ¶ 14, Ex. Q).  The signature on the License Agreement was executed on January 8, 2025.  (*Id.*).

Plaintiff alleges that Defendants were aware that Plaintiff held the rights to the "CRIPS" mark since February 20, 2019.  (*Id.* ¶ 28, Ex. K).

On June 13, 2019, Defendants filed a trademark application for "CRIP-A-COLA."  (*Id.* ¶ 29, Ex. N).  On September 6, 2019, the United States Patent and Trademark Office sent a suspension notice to Defendants informing them of Plaintiff's conflicting Marks.  (*Id.* ¶ 30, Ex. P).  Shortly after, on September 9, 2019, Plaintiff sent a cease-and-desist letter to Defendants demanding that they abandon the trademark application request.  (*Id.* ¶ 46, Ex. L).  Plaintiff alleges she contacted Defendants multiple times separate from sending the cease-and-desist letter.  (*Id.* ¶ 37).  On October 1, 2019, Plaintiff documented Defendants' first post displaying a promotion for "Crip-a-Cola" on Instagram and other promotional activity launched by Defendants.  (*Id.* ¶ 31, Ex. R); (Opposition at 4).

Based on these allegations,  Plaintiff brings the following six claims for relief: (1) federal trademark infringement under 15 U.S.C. § 1114(a), 1116(d), 1117(b)-(c); (2) trademark dilution under 15 U.S.C. § 1125(c), California Business and Professions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-02292-MWF (BFMx)            Date: July 21, 2025

Title: Tia Hollis v. Michael Render

Code section 14330; (3) false designation of origin under 15 U.S.C. § 1125(a); (4) common law unfair competition under 15 U.S.C. § 1125(a); (5) unfair business practices under California Business and Professions Code section 17200; and (6) unjust enrichment.

## II. LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Id.* at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine, based on the allegations that remain after disregarding conclusory allegations and all reasonable inferences that may be drawn therefrom, whether the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-02292-MWF (BFMx) | Date:  July 21, 2025 |
| Title:  Tia Hollis v. Michael Render | |

'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).  In ruling on this Motion under Rule 12(b)(6), the Court follows *Twombly*, *Iqbal*, and their Ninth Circuit progeny.

### III.  DISCUSSION

Defendants argue that the Court should dismiss Plaintiff's action for lack of standing under the Lanham Act and failure to state a claim.  (Motion at 4).  Specifically, Defendants raise three arguments:  (1) Plaintiff cannot cure her lack of standing retroactively; (2) Plaintiff's claims are barred by the statute of limitations; and (3) California does not recognize a claim for unjust enrichment.  (*Id.*).  The Court will address each of these arguments in turn.

#### A.  Fictitious Case Citations

At the outset, the Court notes that Plaintiff has repeatedly cited to unidentifiable, fictitious cases in various filings before this Court.  (*See* Prior Order at 4).  Here, Plaintiff again cites to cases that are nonexistent or do not support the proposition she cites them for.  (*See* Opposition at 3–5).

The citations look "[s]imilar to other fictitious case citations created by generative AI tools[.]" *United States v. Hayes*, 763 F. Supp. 3d 1054, 1065 (E.D. Cal. 2025) (citation "look[ed] like a real case with a case name; a citation to the Federal Supplement; and the year for the decision" but in actuality was a citation "for a different case" and the quoted language "appear[ed] nowhere in the decision").  As other courts have noted, "[m]any harms flow from the submission of fake opinions[.]" *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023); *Hayes*, 763 F. Supp. 3d at 1065.  Specifically,

> [t]he opposing party wastes time and money in exposing the deception. The Court's time is taken from other important endeavors. The client may be deprived of arguments based on authentic judicial precedents. There is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-02292-MWF (BFMx) | Date:  July 21, 2025 |
| Title:  Tia Hollis v. Michael Render | |

potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct. It promotes cynicism about the legal profession and the American judicial system. And a future litigant may be tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity.

*Mata*, 678 F. Supp. 3d at 448–49.

The Court reminds Plaintiff that, though she is proceeding pro se, she is held to the same requirements as counsel, and Federal Rule of Civil Procedure 11 "explicitly applies to parties not represented by attorneys." *Novitzky v. Transunion LLC*, CV 23-04229-SPG (MARx), 2024 WL 5424114, at *3 (C.D. Cal. Apr. 11, 2024) (citing to *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994)); *see also* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or **unrepresented party** certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions ***are warranted by existing law***.") (emphasis added).

Because courts are increasingly finding such conduct warrants sanctions, the Court warns Plaintiff to exercise caution going forward.  *See Hayes*, 763 F. Supp. 3d at 1071 (collecting cases).

### B.     Standing to Sue under the Lanham Act

The Ninth Circuit has held that "common law claims of unfair competition and actions pursuant to . . . § 17200 are 'substantially congruent'" to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) (citations omitted).  Here, Plaintiff's state law claims are derivative of her trademark infringement claim. *See Upper Deck Co. v. Flores*, 569 F. Supp. 3d 1050, 1071–72 (S.D. Cal. 2021).  The Court, therefore, evaluates Plaintiff's purported lack of standing as to both her federal and state law claims in a single analysis below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-02292-MWF (BFMx)             **Date:** July 21, 2025
**Title:** Tia Hollis v. Michael Render

### 1. Subsequent Assignment

Under section 32 of the Lanham Trademark Act, civil actions for trademark infringement of a federally registered mark must be brought by the "registrant" of the mark. 15 U.S.C. § 1114. The term "registrant" includes the legal representatives, predecessors, successors, and assigns of the registrant. 15 U.S.C. § 1127.

While the Ninth Circuit has not yet addressed this issue, "most district courts in this circuit have concluded that an exclusive licensee of a federal trademark *can* have standing to sue for trademark infringement under Section 32 of the Lanham Act." *Halcyon Horizons, Inc. v. Delphi Behav. Health Grp., LLC*, No. 17-cv-00756-JST, 2017 WL 1956997, at *3 (N.D. Cal. May 11, 2017) (emphasis in original).

However, when a subsequent assignment is conjured to cure the defects of the initial complaint, many courts, including some in this district, have determined that this sort of agreement is not sufficient to confer standing retroactively. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, No. CV 02-01087-MMM (CWx), 2007 WL 9723465, at *11 (C.D. Cal. July 24, 2007) (refusing to hold that a patent licensee had standing on the basis of an agreement signed after the lawsuit was filed but made retroactive to prior date) (citing *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093–94 (Fed. Cir. 1998)); *Gaia Techs. v. Reconversion Techs.*, 93 F.3d 774, 779 (Fed. Cir. 1996) (concluding that an assignment of trademark rights executed on October 24, 1994, but made effective August 4, 1991, prior to the plaintiff's initial filing, is not sufficient to confer standing retroactively).

While this may be construed as favoring form over substance, as a general policy matter, "parties should possess rights before seeking to have them vindicated in court." *Gaia Techs.*, 93 F.3d at 780 (quoting *Proctor & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 310 (D. Del. 1995)) (deciding to dismiss a patent infringement claim because the plaintiff's lack of standing was not cured by a subsequent assignment). Allowing a subsequent assignment to "automatically cure a standing defect would unjustifiably expand the number of people who are statutorily authorized to sue" and "would enmesh the judiciary in abstract disputes, risk multiple

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-02292-MWF (BFMx)**                      **Date:  July 21, 2025**
**Title:  Tia Hollis v. Michael Render**

litigation, and provide incentives for parties to obtain assignments in order to expand their arsenal and the scope of litigation." *Id.*; *Shandong Shinho*, 521 F. Supp. 3d at 243 (holding the same for a trademark infringement suit).

Here, in an attempt to cure the defects in her initial Complaint, Plaintiff states that she is the exclusive licensee of the Marks. (*Id.* ¶ 14, Ex. Q). However, the License Agreement was executed on January 8, 2025, and made effective as of July 15, 2018. (*Id.*). As indicated above, Plaintiff may not retroactively cure her lack of standing because she "should possess rights before seeking to have them vindicated in court." *Proctor & Gamble*, 917 F. Supp. at 310. The purported effective date does not confer standing to sue when Plaintiff lacked those rights when she filed her initial complaint on March 20, 2024. *Gaia Techs.*, 93 F.3d at 779; *Revolution Eyewear*, 2007 WL 9723465, at *11. Allowing Plaintiff to retroactively cure her lack of standing would result in the exact concerns highlighted in *Gaia Technologies*.

While Plaintiff claims that the January 8, 2025 signature date was merely the date that she re-signed the agreement to update her address, the FAC contains no factual allegations supporting this theory raised for the first time in Plaintiff's Opposition. (Opposition at 3).

Accordingly, the Court concludes that Plaintiff's subsequent assignment after the filing of this action may not confer standing retroactively.

### 2. Implied Licenses and Pre-Litigation Enforcement Efforts

Plaintiff cites two cases to support her argument that legally operative effective date clauses are enforceable and controlling when they reflect the mutual intent of the parties. (Opposition at 3). However, the two cases do not support her claim. The first case Plaintiff cites, *Columbia Pictures Industries, Inc. v. Redd Horne, Inc.*, 749 F.2d 154 (3d Cir. 1984), is a case about copyright infringement through unauthorized public performance and makes no mention of effective date clauses or retroactive licenses. The second case Plaintiff cites, *Power v. Warner Bros. Records, Inc.*, No C 08-3778, 2009 WL 690248 (N.D. Cal. Mar. 12, 2009), does not exist. The Court made an attempt to locate the case Plaintiff was trying to cite and found a case with the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-02292-MWF (BFMx) | Date:  July 21, 2025 |
| Title:  Tia Hollis v. Michael Render | |

name, *Power v. Warner Bros. Records, Inc.*, 411 F. Supp. 747 (N.D. Ill. 1976), but this case makes no mention of enforcement of retroactive effective date clauses.

Similarly, Plaintiff argues that courts may recognize pre-litigation enforcement efforts as proof of standing, and Plaintiff's cease-and-desist letter is a clear act of enforcement.  (Opposition at 3).  However, the case Plaintiff cites, *Academy of Motion Picture Arts and Sciences v. GoDaddy.com, Inc.*, No. CV 10-03738-AB (CWx), 2015 WL 5311085 (C.D. Cal. Sep. 10, 2015), does not address standing and pre-litigation enforcement efforts.

Without adequate support for her arguments, and because Plaintiff does not articulate any other basis to find standing, the Court agrees that standing is lacking.

### C. Statute of Limitations

In addition to Plaintiff's lack of standing, Plaintiff's delay in filing suit provides an independent reason for granting the Motion.

#### 1. Emergency Rule 9

Emergency Rule 9(a) of the California Rules of Court states that, "[n]otwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." Cal. Rules of Court, Emergency Rule 9.

Plaintiff purports that Emergency Rule 9(a) should apply to her federal claims under the Lanham Act.  (Opposition at 4).  Once again, the case Plaintiff cites in support of her argument, *Guzman v. McDonald's Restaurants of California, Inc.*, 49 Cal. App. 5th 1106 (2020), does not exist.

Through its own efforts, the Court located precedent determining that Emergency Rule 9(a) does not apply to federal claims. *Lansdown v. Bayview Loan Servicing, LLC*, No. 22-CV-00763-TSH, 2022 WL 4227245, at *5 (N.D. Cal. Sep. 13, 2022) ("The Court joins other courts in California in finding Emergency Rule 9 does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-02292-MWF (BFMx) | Date:  July 21, 2025 |
| Title:  Tia Hollis v. Michael Render | |

not extend the statute of limitations on federal claims.") (citations omitted); *Goerss v. Pac. Gas & Elec. Co.*, No. 21-cv-04485-EMC, 2021 WL 4932134, at *6 (N.D. Cal. Oct. 18, 2021) ("A pro se plaintiff's failure to act diligently is not a reason to invoke equitable tolling.") (citation omitted).

While Emergency Rule 9 would apply to Plaintiff's state law claims, "courts determining the application of Emergency Rule 9 have considered whether a plaintiff faced any extraordinary circumstances due to COVID-19 that prevented the timely filing of their lawsuit." *Shubin*, 622 F. Supp. 3d at 853–54.  Here, Plaintiff fails to allege circumstances to show that the COVID-19 pandemic "impeded her ability to file her claims in a timely manner." *Id.* at 854; *see also Goerss*, 2021 WL 4932134, at *4 (denying equitable tolling because a pro se plaintiff failed to explain how the pandemic delayed her filing).

Accordingly, the Court will not apply Emergency Rule 9(a) to toll the statute of limitations period of Plaintiff's claims.

### 2. Continuing Infringement Doctrine

Plaintiff also argues that the continuing infringement doctrine applies such that a new statute of limitations period begins with each new alleged violation.  (Opposition at 4–5).  Plaintiff also raises the laches doctrine to advance her argument that her claims are timely.

Plaintiff cites no precedent to support the application of continuing infringement doctrine in this action and fails to address Ninth Circuit precedent that the limitations period runs from the time the plaintiff knew of should have known about their cause of action.  *Jarrow Formulas*, 304 F.3d at 837; *Pinkette Clothing, Inc. v. Cosm. Warriors Ltd.*, 894 F.3d 1015, 1025 (9th Cir. 2018) ("Laches runs 'from the time the plaintiff knew or should have known about its potential cause of action.'") (citation omitted).

Accordingly, the Court concludes that Plaintiff has failed to establish this doctrine applies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-02292-MWF (BFMx)            **Date:** July 21, 2025

**Title:** Tia Hollis v. Michael Render

### 3. Plaintiff's Federal Claims Under the Lanham Act (Claims 1 through 4)

Under the Lanham Act, there is no established statute of limitations period. 4 McCarthy on Trademarks and Unfair Competition § 31:1 (5th ed. 2025). Instead, the equitable defense of laches, rather than a federal statute of limitations or a borrowed state statute of limitations, is the source to assess delay in Lanham Act cases. *Id.* Laches "embodies the principle that a plaintiff cannot sit on the knowledge that another company is using its trademark, and then later come forward and seek to enforce its rights." *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 989–90 (9th Cir. 2009) (citation omitted).

To determine whether a laches defense is applicable, courts use a two-prong test: (1) whether the plaintiff's delay in filing suit was unreasonable; and (2) whether the defendant suffered prejudice caused by the delay if the suit were to continue. *Id.* at 990 (citing *Jarrow Formulas*, 304 F.3d at 838).

### a. Whether Plaintiff's Delay in Filing Suit Was Unreasonable

"In trademark . . . cases, courts will use the most analogous state statute of limitations as a benchmark to determine if the delay period was reasonable or unreasonable." 4 McCarthy on Trademarks and Unfair Competition § 31:23 (5th ed. 2025); *see Jarrow Formulas*, 304 F.3d at 835. If the most analogous state statute of limitations expired before the lawsuit was filed, there is a strong presumption in favor of applying laches. *Pinkette*, 894 F.3d at 1025. However, if the most analogous state statute of limitations expired after the lawsuit was filed, then that presumption is reversed. *Id.*

To begin, the Court notes that the statute of limitations period for trademark infringement claims is four years. *See Internet Specialties*, 559 F.3d at 990 n.2 (imputing the four-year limitations period from California trademark infringement law to the plaintiff's claim under the Lanham Act).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-02292-MWF (BFMx) | Date:  July 21, 2025 |
| Title:  Tia Hollis v. Michael Render | |

The clock begins to run when "the plaintiff knew or should have known about its potential cause of action." *Pinkette*, 894 F.3d at 1025 (citation omitted).  Knowledge, actual or constructive, can arise from a "registration of a potentially infringing mark, receipt of materials displaying infringing content, or observation of the infringing mark on competing goods."  *Harman Int'l Indus., Inc. v. Jem Accessories, Inc.*, 668 F. Supp. 3d 1025, 1038 (C.D. Cal. 2023)) (internal citations omitted).

Here, there are three possible dates that can be read as starting the clock:  (1) June 13, 2019—when Defendants filed a trademark application for "CRIP-A-COLA," (FAC ¶ 29, Ex. N); (2) September 9, 2019—when Plaintiff sent a cease-and-desist letter to Defendants demanding that they abandon the trademark application request, (*Id.* ¶ 46, Ex. L); or (3) October 1, 2019—when Defendants first posted a promotion for "Crip-a-Cola" on Instagram, (*Id.* ¶ 31, Ex. R).

Regardless of what date the Court uses, Plaintiff's action is untimely.  Using the latest possible date, Plaintiff's claim expired on October 1, 2023, but she initiated this action on March 20, 2024.  (Docket No. 1); *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1366 n.3 (Fed. Cir. 2010) (using the date of the original complaint because "the jurisdiction of the Court depends on the state of things at the time of the action brought") (quoting *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993)).

Accordingly, the most analogous state statute of limitations expired before Plaintiff's lawsuit was initially filed, and therefore, there is a strong presumption in favor of applying laches.

### b. Whether Defendants Suffered Prejudice Caused by the Delay

To evaluate the second prong of a laches defense, courts assess the prejudice of applying the defense using the *E–Systems* factors:  (1) "strength and value of trademark rights asserted"; (2) "plaintiff's diligence in enforcing mark"; (3) "harm to senior user if relief denied"; (4) "good faith ignorance by junior user"; (5) "competition between senior and junior users"; and (6) "extent of harm suffered by junior user because of senior user's delay."  *E–Sys., Inc. v. Monitek, Inc.*, 720 F.2d 604, 607 (9th Cir. 1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-02292-MWF (BFMx)            Date: July 21, 2025
Title: Tia Hollis v. Michael Render

***Strength and value of trademark rights asserted***. The first *E–Systems* factor examines a mark's strength based on two components: conceptual strength and commercial strength. *Harman*, 668 F. Supp. 3d at 1039 (citation omitted). With regard to conceptual strength, the mark is classified in "five categories ranging from strongest to weakest: arbitrary, fanciful, suggestive, descriptive, and generic." *Id.* Arbitrary or fanciful marks "employ words and phrases with no commonly understood connection to the product." *Id.*

Here, Plaintiff's mark is likely arbitrary or fanciful. Plaintiff claims the "CRIPS" mark is an acronym for "Community Revolution In Progress." (FAC ¶ 14). The Court determines that the "CRIPS" mark uses common words to create a distinctive mark that could function solely as a trademark; thus, the mark is arbitrary or fanciful, and thus, strong. *Harman*, 668 F. Supp. 3d at 1039 ("Arbitrary or fanciful marks . . . are generally 'strong' marks.").

Further, a mark's "[c]ommercial strength may be demonstrated by commercial success, extensive advertising, length of exclusive use, and public recognition." *Id.* (quoting *Adidas Am., Inc. v. Calmese*, 662 F. Supp. 2d 1294, 1303 (D. Or. 2009)). Here, Plaintiff's mark is likely commercially strong because the FAC states that the mark has found popularity and has been "recognized by Billboard, Bloomberg Law, [etc.] for her efforts." (FAC ¶ 21).

Accordingly, the first factor weighs against applying laches.

***Plaintiff's diligence in enforcing mark.*** The second *E–Systems* factor evaluates Plaintiff's activity in enforcing her mark. "[C]ontacting the alleged infringer about its use of a trademark" is required by the Ninth Circuit, but not sufficient to be "effective policing effort." *Harman*, 668 F. Supp. 3d at 1042 (citing *Grupo Gigante SA De CV v. Dallo & Co.*, 391 F.3d 1088, 1102 (9th Cir. 2004)). For example, the Ninth Circuit found lack of diligence in *Grupo Gigante* even when the plaintiff sent a cease-and-desist letter and contacted the defendant multiple times over four years. *Grupo Gigante*, 391 F.3d at 1102.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-02292-MWF (BFMx) | Date: July 21, 2025 |
| Title: Tia Hollis v. Michael Render | |

Here, Plaintiff sent a cease-and-desist letter shortly after Defendants filed their trademark application. (FAC ¶ 46, Ex. L). Plaintiff also alleges that she contacted Defendants multiple times after sending the letter. (*Id.* ¶ 37). However, in light of *Grupo Gigante*, the Court concludes that this is not sufficient policing effort. *See also Fitbug Ltd. v. Fitbit, Inc.*, 78 F. Supp. 3d 1180, 1193 (N.D. Cal. 2015) (finding lack of diligence when the plaintiff delayed filing suit for five years).

Accordingly, the second factor weighs in favor of applying laches.

***Harm to senior user if relief denied.*** The third *E–Systems* factor evaluates the harm to Plaintiff if relief was denied. This factor turns on the "likelihood of confusion." *Harman*, 668 F. Supp. 3d at 1042 (citation omitted). Plaintiff claims that Defendants' use of the "CRIPS" mark in promoting their beverage causes "market confusion." (FAC ¶ 32). However, without facts to support this allegation and without clarification on which markets Defendants and Plaintiff each take part in, the Court cannot evaluate the level of confusion. Notably, however, "delay weakens a claim of likelihood of confusion, because the public may learn to distinguish between similar marks over time, so that any real likelihood of confusion gradually dissipates." *Grupo Gigante*, 391 F.3d at 1104 (citation omitted). Accordingly, the third *E–Systems* factor weighs slightly in favor of applying the laches defense.

***Good faith ignorance by junior user.*** The fourth *E–Systems* factor evaluates whether Defendants acted in bad faith and had prior knowledge of Plaintiff's marks when they adopted the marks for themselves. *Id.* Plaintiff alleges that Defendants knew about the trademark registration of the "CRIPS" marks. (FAC ¶ 28, Ex. K). Plaintiff further alleges that Defendants threatened her and used intimidation to coerce her to abandon her inquiry into Defendants use of the "CRIPS" mark. (*Id.* at ¶ 37). As a result, the Court cannot conclude that there was good faith ignorance on the part of Defendants. Accordingly, the fourth *E–Systems* factor weighs against applying the laches defense.

***Competition between senior and junior users.*** The fifth *E–Systems* factor evaluates competition between Defendants' and Plaintiff's use of the Marks. The FAC alleges no facts supporting the contention that competition occurs between Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-02292-MWF (BFMx) | Date: July 21, 2025 |
| Title: Tia Hollis v. Michael Render | |

use of the mark in the Crips LLC, aimed at community initiatives, and Defendants' use of the mark in "Crip-a-Cola" in the beverage context. *Cf. Grupo Gigante*, 391 F.3d at 1104 (holding that there was competition between parties who sold largely similar products in close proximity). Accordingly, the fifth factor weighs in favor of applying the laches defense.

***Extent of harm suffered by junior user because of senior user's delay.*** Lastly, the sixth *E–Systems* factor evaluates possible harm that was suffered by Defendants because of Plaintiff's delay in filing suit. A "defendant can make the required showing of prejudice by proving that it has continued to build a valuable business around its trademark during the time that the plaintiff delayed the exercise of its legal rights." *Harman*, 668 F. Supp. 3d at 1043–44 (citation omitted).

Here, as evidenced in the FAC and the attached exhibits, Defendants expended large efforts in promoting the "Crip-a-Cola" beverage. (FAC ¶ 31, Ex. H, R, S). Courts have found prejudice to a defendant where it would be forced to rebrand years after first promoting the mark. *See e.g., Pinkette*, 894 F.3d at 1028 (finding factor weighed in favor of laches because "[the defendant] continued to invest in its . . . label"). Accordingly, the final *E–Systems* factor weighs in favor of applying the laches defense.

For the foregoing reasons, four of the six *E–Systems* factors weigh in favor of applying the laches defense. Accordingly, Plaintiff's claims under the Lanham Act are barred by the statute of limitations.

### 4. Plaintiff's State Law Claims Under California Business and Professions Code section 17200 (Claim 5)

Under California Business and Professions Code section 17208, "[a]ny action to enforce any cause of action pursuant to [section 17200] shall be commenced within four years after the cause of action accrued." *Id.* § 17208. Accordingly, for the reasons detailed above, Plaintiff's Fifth Claim is similarly barred by the statute of limitations.

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | 14 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-02292-MWF (BFMx)            Date:  July 21, 2025

Title:  Tia Hollis v. Michael Render

### D. **Plaintiff Does Not Allege Facts to Support Her Unjust Enrichment Claim (Claim 6)**

"When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'"  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) ("[T]here is not a standalone cause of action for unjust enrichment.") (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231, 166 Cal. Rptr. 3d 864 (2014)).

Here, Plaintiff fails to allege facts supporting any quasi-contract cause of action between the parties or unjust benefit conferred at the expense of Plaintiff.  *Sugarfina, Inc. v. Sweet Pete's LLC*, No. CV 17-04456-RSWL (JEMx), 2017 WL 4271133, at *6 (C.D. Cal. Sept. 25, 2017) (citation omitted) ("Plaintiff has failed to allege any quasi-contract between the parties. Plaintiff's unjust enrichment allegations are 'inextricably intertwined' with Plaintiff's trademark claims and 'do not give rise to a separate theory of quasi-contract.'").

Accordingly, Plaintiff's Sixth Claim for unjust enrichment is dismissed on this additional ground.

### E. **Leave to Amend**

Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted).  The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend:  (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended its complaint.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); see *also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015)) (indicating a court should explain reasons

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-02292-MWF (BFMx) | Date:  July 21, 2025 |
| Title:  Tia Hollis v. Michael Render | |

for denying leave to amend); *Parsittie v. Schneider Logistics*, Inc., 859 F. App'x 106, 107 (9th Cir. 2021) (unpublished) (same).

Here, the third, fourth, and fifth factors—prejudice to the opposing party, futility of amendment, and the plaintiff's previous amendment—all weigh in favor of dismissing the action without leave to amend.  In the Prior Order, the Court warned that "[a]ny future successful motion to dismiss will be granted without leave to amend." (Prior Order at 9).  Most significantly, even if Plaintiff could cure her lack of standing, the Court has determined that Plaintiff's claims are time barred, which cannot be cured by further amendment.  Therefore, future amendments would prove to be futile and leave to amend shall not be granted.

## IV.  CONCLUSION

Accordingly, the Motion is **GRANTED** *without leave to amend*, and Plaintiff's action is **DISMISSED**.

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.